UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION - COVINGTON

TIMOTHY HOLLINGSWORTH,

    Plaintiff,

v.

J. WENDEIN, ET AL.,

    Defendants.

Civil Action No. 2:19-127-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Timothy Hollingsworth is a pretrial detainee at the Kenton County Detention Center in Covington, Kentucky. Proceeding without a lawyer, Hollingsworth filed a civil rights complaint with this Court in which he alleges that a police officer and an owner of a private business conspired to falsely accuse him of stealing a vehicle and, as a result, he was charged with a felony under state law. [R. 1]. Hollingsworth's complaint is now before this Court on initial screening pursuant to 28 U.S.C. § 1915A. Ultimately, there are multiple problems with this action, and, therefore, the Court will dismiss Hollingsworth's complaint without prejudice.

As an initial matter, Hollingsworth has not paid the $400.00 in filing and administrative fees in this case. To be sure, Hollingsworth did file a motion for leave to proceed *in forma pauperis*. [R. 2]. However, as this Court has pointed out in the past, pursuant to 28 U.S.C. § 1915(g), Hollingworth is prohibited from proceeding *in forma pauperis* because he has had at least three civil cases dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Hollingsworth v. Ratliff*, No. 5:18-cv-216-KKC at R. 6 at 1-3 (E.D. Ky. May 7, 2018)

(discussing Hollingsworth's litigation history). Thus, Hollingsworth was required to pay the $400.00 in filing and administrative fees up front and in full, and he failed to do so.

More importantly, even if Hollingsworth had properly initiated this civil action, the Court would still dismiss his case without prejudice pursuant to the doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971). That doctrine provides that a federal court should generally abstain from interfering in a state court action that is ongoing, involves an important state interest, and provides an adequate opportunity to raise challenges. *See Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008) (discussing *Younger* abstention). Here, the state criminal case against Hollingsworth is ongoing,[1] that matter obviously involves an important state interest, and Hollingsworth can raise challenges to the charge against him during that criminal proceeding. Therefore, this Court will abstain from interfering in Hollingsworth's criminal case, just as it "has abstained from meddling in . . . [other] state court criminal actions." *Stevenson v. Prime Motors*, No. 5:16-cv-421-KKC, 2017 WL 512750, at *3 (E.D. Ky. 2017) (collecting cases). Instead, the Court will dismiss Hollingsworth's complaint without prejudice.

Accordingly, it is **ORDERED** that:

1. Hollingsworth's complaint [R. 1] is **DISMISSED** without prejudice.

2. This action is **STRICKEN** from the Court's docket.

3. The Court will enter a corresponding Judgment.

Dated September 27, 2019

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

---

[1] This Court takes judicial notice of the publicly available docket sheet in *Commonwealth of Kentucky v. Timothy Hollingsworth*, No. 19-F-01543 (2019).